UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FRED LUTZEIER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14CV183 RLW |
| CITIGROUP INC., et al., | ) | |
| Defendants. | ) | |

**MEMORANUM AND ORDER**

This matter is before the Court on the Joint Motion for Conference With Court (ECF No. 73) and Joint Motion for Entry of Protective Order Governing Disclosure and Use of Discovery Materials (ECF No. 74).

**I.     Joint Motion for Conference With Court (ECF No. 73)**

The parties seek to have a conference with the Court on November 10, 2014 regarding the protective order and amending the Case Management Order. The Court notes that the parties have been engaged in negotiations regarding the protective order since July 1, 2014—over three months. (ECF No. 74 at 2). The Court believes that a conference regarding these issues would only serve to further delay progress in this case and is unnecessary given the extensive briefing provided. The Court enters the parties' joint proposed Case Management Order and a revised protective order in accordance with this Memorandum and Order.

**II.    Joint Motion for Entry of Protective Order Governing Disclosure and Use of Discovery Materials (ECF No. 74)**

In the Joint Motion for Entry of Protective Order Governing Disclosure and Use of Discovery Materials, the parties outline three main disputes: (1) whether the confidentiality provisions for in-house counsel should be different from attorneys of record; (2) whether

1

Defendants must identify their in-house counsel and their officers and directors who are participating in the defense of this action prior to affording them access as "qualified persons" to discovery materials stamped as "Confidential Under Protective Order"; and (3) whether to include Defendants' notice provision concerning compulsory process.

### A. Treatment of In-House Counsel

The parties seek to have two different possible designations for confidential information being disclosed and/or produced in this case. Plaintiff would have those designations be (1) "CONFIDENTIAL UNDER PROTECTIVE ORDER" or (2) "CONFIDENTIAL UNDER PROTECTIVE ORDER—OUTSIDE COUNSEL ONLY." Defendants agree with the first designation but suggest that the second designation should be "CONFIDENTIAL UNDER PROTECTIVE ORDER—ATTORNEYS' EYES ONLY" and would include in-house counsel in the definition of attorney.

Plaintiff contends that in-house counsel should be treated differently because in-house counsel has no automatic right to access all confidential and proprietary information and because they may be fact witnesses in the case. (ECF No. 74 at 5-7). Plaintiff also claims that the issue of access to confidential documents is not yet ripe because no documents have been produced. (ECF No. 74 at 6). Finally, Plaintiff points out that the Eastern District of Missouri's form protective order defines "attorneys" as "counsel of record," which would not include in-house counsel in this case. (ECF No. 74 at 4-5; ECF No. 74-3).

In response, Defendants note that this case does not involve proprietary business and patent information, which would warrant such restrictions on in-house counsel's participation. (ECF No. 74 at 11). In addition, the fact that some in-house counsel may also be fact witnesses does not mean that they should not have access to designated confidential material so that they can engage in the direction and strategy of this case. (*Id.*).

The Court does not believe that a differentiation between in-house counsel and other attorneys is necessary in this case. This case is an employment retaliation case. This case does not involve proprietary business or patent information. Likewise, there is no allegation that the discovery will give Defendants any advantage over a competitor. The Court finds no basis for preventing in-house counsel from participating in all aspects of the litigation, including viewing confidential documents for attorneys' eyes only. The Court will include Defendants' proposed language in the protective order.

### B. Identification of "Qualified Persons"

Plaintiff seeks to require Defendants to identify their designated in-house counsel and their officers and directors who are participating in or managing the defense of this action for purposes of affording them access as "Qualified Persons" to discovery materials stamped as "Confidential Under Protective Order" under Section 5 of the protective order. Plaintiff would require that Defendants notify Plaintiff's counsel in writing, at least ten days before disclosing confidential documents, the identity of Defendants' in-house counsel, employees, and directors. Plaintiff states that this information does not invade the Defendants' litigation strategy because the information does not outline the particular documents reviewed or the purpose for the review. (ECF No. 74 at 8).

Defendants argue that this provision is unnecessary because their in-house counsel, employees, and directors are already be subject to the Court's protective order. (ECF No. 74 at 12). Defendants also argue that such a notification provision would invade Defendants' litigation strategy and unduly hinder their ability to defend this action. (*Id.*)

The Court finds that this provision is unduly burdensome on Defendants. Plaintiff has not provided any persuasive reason to require advance notice before in-house counsel and Defendants' officers and directors could view certain confidential information. The Court also agrees that this

3

provision could invade Defendants' litigation strategy and work product. The Court will not include this provision in the protective order.

### C. Notice Provision Concerning Compulsory Process

Defendants seek to add a provision entitled "Disclosures Pursuant to Subpoena" that requires any party or person compelled by subpoena or other compulsory process to produce confidential information to (1) disclose the subpoena or demand to the "Designating Person" within five business days, and (2) object to disclosure on the basis of the Protective Order. This provision imposes the additional obligation on parties to notify each other of a demand for confidential information. Defendants contend that this provision is necessary because Fed.R.Civ.P. 45 does not provide adequate protection of their interests. Defendants assert that Rule 45 requires notice of the protective order only to parties in the case in which the subpoena is being issued. (ECF No. 74 at 13). For example, Defendants maintain that Plaintiff could receive a subpoena in a matter in which Defendants are not a party and that Defendants would not receive any notice under Rule 45; Plaintiff would have no obligation to notify Defendants that their confidential documents were being sought. (*Id.*)

In response, Plaintiff argues that Defendants' interests are sufficiently protected by the Fed.R.Civ.P. 45(a)(4).[1] Plaintiff notes that any party who has designated any discovery material as "confidential information" will automatically receive notice of any such subpoena by operation of Rule 45 before the subpoena is served. (ECF No. 74 at 9). Plaintiff also contends that Defendants' notice provision is overly broad because it applies to more than just parties or

---

[1] Fed.R.Civ.P. 45(a)(4) states: "*Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

qualified persons and it also purports to apply to any "document demand" made of any party or non-party to this case.

The Court holds that Defendants' interests are sufficiently protected by the procedure outlined in Fed.R.Civ.P. 45(a)(4). Under Rule 45, the parties will receive notice regarding any subpoena served related to this action. As noted by Defendants, this case does not involve proprietary business or patent information and the Court does not believe that any additional procedures are necessary to protect Defendants' interests. The Court will not include this provision in the protective order.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Conference with Court [ECF No. 73] is **DENIED**. The Court enters the amended Case Management Order herewith.

**IT IS FURTHER ORDERED** that the Joint Motion for Entry of Protective Order Governing Disclosure and Use of Discovery Materials [ECF No. 74] is **GRANTED**, in part, and **DENIED**, in part. The protective order is entered herewith.

Dated this 24th day of October, 2014.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE