UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED LUTZEIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14CV183 RLW |
| CITIGROUP INC., et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANUM AND ORDER**

This matter is before the Court on Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Second Motion to Compel Discovery (ECF No. 103). Therein, Defendants note that Plaintiff's Reply Memorandum in Support of His Second Motion to Compel ("Reply"; ECF No. 94) raises several new issues that were not addressed in Plaintiff's moving brief, including that Defendants did not comply with the July 22, 2014 ESI Agreement and that Defendants may have altered or deleted information from files before producing them to Plaintiff. Defendants ask the Court to allow them to file a sur-reply. This same day, Plaintiff filed a Reply in Opposition to Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Second Motion to Compel (ECF No. 104). In that filing, Plaintiff maintains that his Reply responded to two "new and serious accusations" that Defendants made in their opposition brief: (1) Defendants productions complied with the ESI Agreement and (2) Defendants' assertion that Plaintiff, not Defendants, ignored the parties' ESI Agreement, and failed to provide the most basic information.

The Court agrees that Plaintiff raised several issues for the first time in his Reply Memorandum and/or Plaintiff's Reply Memorandum addresses issues that are extremely tangential to the primary issue raised in his Second Motion to Compel Discovery. The Court need

1

not address issues raised for the first time in the reply brief. *See Jessep v. Jacobson Transp. Co.*, 350 F.3d 739, 742 (8th Cir. 2003)(arguments were not properly before the Court because they were raised for the first time in the reply brief); *Westfield, LLC v. IPC, Inc.*, No. 4:11CV155, 2012 WL 1205794, at *2 n. 1 (E.D.Mo. Apr. 11, 2012) ("Defendant improperly raises this argument for the first time in its Reply Memorandum, however, and thus the Court will not address it here."). Plaintiff's Second Motion to Compel Discovery concerns only the method by which Defendants produced their responses to Plaintiff's document requests, and that is the only issue that will be addressed by the Court. The parties must file a new motion for the Court to consider other issues, if necessary. The Court, therefore, denies Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Second Motion to Compel Discovery as moot.

The Court further implores the parties to embrace the meet and confer process in order to lessen the number and volume of discovery issues that are being raised before the Court. In several instances, issues have been raised which have not been discussed by the parties and/or have been prematurely raised by the parties. Briefing such unripe issues wastes the time of both the parties and the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Second Motion to Compel Discovery (ECF No. 103) is **DENIED** as moot.

Dated this 28th day of January, 2015.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE