UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED LUTZEIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14CV183 RLW |
| CITIGROUP INC., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Partial Motion to Dismiss the First Amended Complaint and Motion to Strike (ECF No. 46)[1] and Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Alternative Motion for More Definite Statement and Incorporated Memorandum of Law in Support (ECF No. 53).

## BACKGROUND

Plaintiff contends he was a whistleblower who was terminated by Defendants in violation of the Sarbanes-Oxley ("SOX") Act and the Dodd-Frank Act, as well as claims for violation of the Missouri public policy exception to wrongful discharge, and for age discrimination in violation of the Missouri Human Rights Act. Plaintiff alleges that he was employed as a director in the Internal Audit Group ("IA Group") in Citigroup Management Corp.'s ("CMC") offices in O'Fallon, Missouri from February 27, 2012 to February 25, 2013. On February 25, 2013, Plaintiff's employment with CMC was terminated, effective April 26, 2013. Defendants claim that Plaintiff was terminated as part of a global reorganization of the IA Group and based upon the location of his position and his "relatively brief" tenure at CMC.

---

[1] The parties both used the briefing for the motion to dismiss which was directed at Plaintiff's original Complaint. *See* ECF No. 46, 47.

1

## DISCUSSION

I. **Motion to Dismiss the First Amended Complaint and Motion to Strike**

A. Standard of Review for a Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

B. Whistleblower under Frank Dodd

Lutzeier purports to bring a whistleblower claim under 15 U.S.C. § 78u–6(h), a provision of the Dodd–Frank Act that protects employees from retaliation for certain whistleblowing activities and disclosures. The Dodd–Frank Act amended the Securities and Exchange Act of 1934, 48 Stat. 881, *as amended,* 15 U.S.C. § 78a *et seq.,* to provide incentives for whistleblowers to report to the SEC in the form of a "bounty" program, through which whistleblowers may receive financial awards from the SEC for providing the SEC with original information relating to violation of the securities laws. *Bussing v. COR Clearing, LLC*, No. 8:12-CV-238, 2014 WL

2111207 (D. Neb. May 21, 2014)(citing 15 U.S.C. § 78u–6(b)–(g)).[2] The Dodd–Frank Act also created a private cause of action for certain individuals whose employers retaliate against them for taking certain protected actions. 15 U.S.C. § 78u–6(h). The parties dispute whether the anti-retaliation provision is applicable to this case. The anti-retaliation provision of the Dodd-Frank Act provides:

> No employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower—
> (i) in providing information to the Commission in accordance with this section;
> (ii) in initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information; or
> (iii) in making disclosures that are required or protected under the Sarbanes–Oxley Act of 2002 (15 U.S.C. 7201 et seq.), this chapter, including section 78j–1(m) of this title, section 1513(e) of Title 18, and any other law, rule, or regulation subject to the jurisdiction of the Commission.

15 U.S.C. § 78u–6(h)(1)(A). The term "whistleblower" is defined as "any individual who provides ... information relating to a violation of the securities laws to the [Securities and Exchange] Commission, in a manner established, by rule or regulation, by the Commission. 15 U.S.C. §78u-6(a)(6).

The parties dispute both whether Lutzeier qualifies as a whistleblower under the Dodd–Frank Act and both claim that their positions are supported by the text of the statute. Defendants claim that an employee must report to the SEC to qualify as a whistleblower under the plain language of the Dodd-Frank Act. (ECF No. 27 at 4-7) (citing *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 630 (5th Cir. 2013)). Lutzeier, however, argues that *Asadi* represents the "minority opinion" and that the majority of federal courts addressing this issue have held that Dodd –Frank's whistleblower protections apply to plaintiffs regardless of whether they made any disclosers of

---

[2] On September 4, 2014, the Eighth Circuit denied petition for permission to file an interlocutory appeal on this issue.

defendants' misconduct to the SEC. (ECF No. 34 at 4-5 (citing *Khazin v. TD Ameritrade Holding Corp.*, No. CIV.A. 13-4149 SDW, 2014 WL 940703, at *5 (D.N.J. Mar. 11, 2014)(noting that "most district courts addressing this issue have concluded that the Dodd–Frank Act's whistleblower provision is ambiguous on its face and they have relied on the SEC's final rule for guidance")). Lutzeier argues that § 78u–6(h)(1)(A)(iii) of the statute "is in direct conflict with the DFA's definition of a whistleblower because it provides protection to persons who have not disclosed information to the SEC." (ECF No. 34 at 5 (citing *Khazin*, 2014 WL 940703, at *6 (quoting *Genberg v. Porter*, 935 F.Supp.2d 1094, 1106 (D. Colo. 2013))).

The Court agrees with the reasoning of the Fifth Circuit and holds that under the plain language of the Dodd-Frank Act an employee must make a report to the SEC to qualify for the anti-retaliation whistleblower protection. The Court finds that the definition of "whistleblower" clearly and expressly requires that the individual provide information to the SEC to qualify as a "whistleblower" under §78u-6(a)(6). Further, the Court agrees with *Asadi* that subsection (h)(a)(A)(iii) does not create an exception to the definition of whistleblower such that a report does not need to be made to the Commission. *Asadi*, 720 F.3d at 626-27. Rather, the third category under (h)(1)(A)(iii) protects an employee who makes a report to the Commission but who cannot prove that his termination was in retaliation for that report. *Asadi*, 720 F.3d at 627-28. Thus, no portion of the statute is rendered superfluous under the *Asadi* interpretation. Moreover, the Court notes that applying a broader reading to the Dodd-Frank Act to permit protection to those who only report internally would render the Sarbanes-Oxley anti-retaliation provision moot. *Asadi*, 720 F.3d at 628-29. That is, plaintiffs would not have an incentive to file a Sarbanes-Oxley claim, which has a shorter statute of limitations and single (not double) back pay when plaintiffs could bring a Dodd-Frank Act claim instead. *Id.*

4

Thus, because the plain language of the Dodd-Frank Act demonstrates that a whistleblower must make a report to the Commission to qualify for anti-retaliation protection, the Court dismisses Lutzeier's whistleblower claim under the Dodd-Frank Act (Count I).[3]

## II. Motion to Strike Defendants' Affirmative Defenses

A. Standard of Review

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[4] Fed. R. Civ. P. 12(f). "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." *Simms v. Chase Student Loan Servicing, LLC*, No. 4:08CV01480 ERW, 2009 WL 943552, at *2 (E.D. Mo. Apr. 6, 2009)(internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" *Airstructures Worldwide, Ltd. v. Air Structures Am. Technologies, Inc.*, No. 4:09CV10 CDP, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009)(quoting *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

"A motion to strike should 'be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" *Bartoe v. Missouri Barge Line Co.*, No. 1:07CV165RWS, 2009 WL 1118816, at *1 (E.D. Mo. Apr. 24, 2009) (quoting

---

[3] Because the Court dismisses Lutzeier's Dodd-Frank anti-retaliation claim *in toto* it need not address whether Dodd-Frank imposes liability on Lutzeier's supervisor, Steve Champney, or whether Dodd-Frank permits damages to reputation and future earning potential.

[4] "These terms have precise meanings under this rule. For example, redundant refers to statements wholly foreign to the issue or that are needlessly repetitive of immaterial allegations. ... Immaterial claims are those lacking essential or important relationships to the claim for relief. ... Impertinent claims are those that do not pertain to the issues in question." *Simms v. Chase Student Loan Servicing, LLC*, No. 4:08CV01480, 2009 U.S. Dist. LEXIS 28977, at *5, n. 3 (E.D. Mo. Apr. 6, 2009) (internal quotations and citations omitted).

5

*Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). "'Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Champion Bank v. Reg'l Dev., LLC*, No. 4:08CV1807 CDP, 2009 WL 1351122, at *4 (E.D. Mo. May 13, 2009)(quoting *Lunsford*, 570 F.2d at 229). Motions to strike affirmative defenses "should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances.'" *Champion Bank*, 2009 WL 1351122, at *4 (quoting *FDIC v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo. 1989); *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982) ("Matters labeled affirmative defenses should be stricken only where it is completely certain they have been mistitled."). Finally, "[a] motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11-CV-37 CEJ, 2011 WL 2728334, at *2 (E.D. Mo. July 12, 2011). "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Id.*

In the alternative, Lutzeier also moves for a more definite statement under Fed.R.Civ.P. 12(e). *See* Fed.R.Civ.P. 12(e)(" A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.")

B. Affirmative Defenses

Lutzeier moves to strike (or for a more definite statement) as to Defendants' First, Third, Fourth, Sixth, Eighth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth and Sixteenth Affirmative Defenses, and Defendants' "Reservation of Right to Amend."[5] In response, Defendants assert

---

[5] Although Lutzeier does not request that the Twelfth Affirmative Defense be stricken in his prayer for relief, he argues that point in his brief. (ECF No. 53 at 14).

that Lutzeier's Motion should be denied because he has failed to show any prejudice, except with respect to Defendants' Sixteenth Defense. (ECF No. 63 at 44). Defendants agreed to withdraw their Sixteenth Affirmative Defense. (*Id.*) Defendants also contend that they are not required to satisfy the heightened pleading standard of *Iqbal/Twombly* for affirmative defenses. (ECF No. 63 at 11-12). Finally, Defendants state that Lutzeier is not entitled to a more definite statement because no responsive pleading is required in response to an affirmative defense.

In his Reply, Lutzeier first contends that he has been prejudiced by the inclusion of the Twelfth and Thirteenth Affirmative Defenses and by the reservation of the right to amend. (ECF No. 71 at 6-7).

This Court first notes that Lutzeier has only alleged prejudice as to Defendants' Twelfth, Thirteenth and Sixteenth Affirmative Defenses and Defendants' reservation of the right to amend. Because prejudice is required for a Court to grant a motion to strike, the Court only addresses the affirmative defenses where Lutzeier claims prejudice. *See Morgan*, 2011 WL 2728334, at *2.

In the Twelfth Affirmative Defense, Defendants state that "Plaintiff failed to file his Complaint within ninety (90) days of receipt of the Notice of Right to Sue from the Missouri Commission on Human Rights." Lutzeier argues that this claim is "spurious, redundant and legally insufficient as a matter of law" and argues that the Notice was timely. (ECF No. 53 at 6-8). The Court sees no obvious deficiency in Defendants' Twelfth Affirmative Defense, and in considering all allegations as true, the Twelfth Affirmative Defense raises appropriate questions of law and fact for the Court to consider. This defense is not insufficient under Fed.R.Civ.P. 12(f). *See Simms*, 2009 WL 943552, at *1.

Defendants' Thirteenth Affirmative Defenses asserts that Plaintiff is subject to an employment arbitration policy, which makes arbitration the required and exclusive forum for resolution of all employment-related claims. Plaintiff argues that this defense should be stricken

7

as a matter of law because the Dodd-Frank Act voids any "predispute arbitration agreement." 18 U.S.C. §1514A(e)(1). Again, assuming all of Defendants' allegations in this affirmative defense are true, the Court holds that Defendants' Thirteenth Affirmative Defense raises an appropriate question of law and fact for the consideration of the Court. *See Simms*, 2009 WL 943552, at *1. The Court, therefore, denies the Motion to Strike the Thirteenth Affirmative Defense.

Finally, Lutzeier maintains that Defendants' "Reservation of Right to Amend" should be stricken because it is insufficient as a matter of law. (ECF No. 53 at 11-12). Lutzeier notes that Defendants would have to petition the Court, pursuant to Fed.R.Civ.P. 15(a)(2), to amend their answer and affirmative defenses if they discover new information or defenses. (*Id.*). The Court agrees and strikes this purported affirmative defense as a matter of law. *See Handi-Craft Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:12CV63 JCH, 2012 WL 1432566, at *5 (E.D. Mo. Apr. 25, 2012)(striking the reservation of rights to assert additional affirmative defenses and stating that "[i]f Defendant discovers an additional affirmative defense during the course of discovery, Defendant must petition the Court for leave to amend the answer pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure").

Finally, the Court finds no basis in the law for granting Lutzeier's request for a more definite statement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss the First Amended Complaint and Motion to Strike (ECF No. 46) is **GRANTED**. Plaintiff's First Cause of Action for Violation of 15 U.S.C. §78u-6(h)(1)(A) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Alternative Motion for More Definite Statement and Incorporated Memorandum of Law in Support (ECF No. 53) is **GRANTED**, in part, and **DENIED**, in part. Defendants'

8

Sixteenth Affirmative Defense and Defendants' "Reservation of Right to Amend" are **STRICKEN**.

Dated this 2nd day of March, 2015.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE