UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED LUTZEIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV183 RLW |
| ) | |
| CITIGROUP INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Partially Unopposed Motion for Partial Reconsideration of February 2, 2015 Order and For an Extension of Time to Comply with Order (ECF No. 116). Plaintiff filed his Response in Opposition to Defendants' Partially Unopposed Motion for Partial Reconsideration of February 2, 2015 Order (ECF No. 120). Defendants have indicated to the Court that they are resting on their papers and not filing a reply memorandum in support of their motion.

A. Motion for Reconsideration

Defendants request the Court reconsider its February 2, 2015 Order, requiring them to utilize the additional search phrase "consent order." Defendants contend that the phrase "consent order" would yield more than 40,000 documents for Defendants to review for relevance. Defendants provide an affidavit stating that the only two consent orders CitiMortgage, Inc. entered into with the Office of the Comptroller of Currency and the Board of Governors of the Federal Reserve System relevant to the United States Mortgage Business have been produced to Plaintiff. Finally, Defendants contend that any consent orders relevant to this case would be yielded from the search terms "LOIS" and "COSMOS".

1

In response, Plaintiff puts forth a third consent order that it claims is relevant to this case but that has not been produced by Defendants. Plaintiff argues that this demonstrates Defendants need to search for "consent orders" to fully respond to Plaintiff's discovery requests.

The Court denies the Motion for Reconsideration. The Court believes that a full search and review of documents that are responsive to the phrase "consent order" is the only way to ensure that all responsive documents are produced. Defendants shall produce these documents no later than March 23, 2015.

B. Motion for Extension of Time to Comply with Order

Defendants state that they need an extension of time until March 23, 2015 to produce several categories of documents, and until April 24, 2015 to produce documents related to LOIS/COSMOS and related to five additional custodians. With respect to Plaintiff's need for additional time to review these documents, Defendants indicated that they would agree "to file a joint motion for a reasonable extension of discovery should it prove necessary." (ECF No. 118 at 2).

In response, Plaintiff argues that "if Defendants want or need extensions of time to produce their documents, it only seems fair and reasonable that Plaintiff should be granted a concomitant and reciprocal extension of time with respect to Plaintiff's relevant discovery deadlines so that Plaintiff may have a fair opportunity to review Defendants' rolling productions" (ECF No. 120 at 4).

The Court will grant Defendants an extension until March 23, 2015 to produce documents as set forth in the Court's February 2, 2015 Order. The Court also grants Plaintiff a similar 30 day extension to comply with his accompanying discovery deadlines under the Case Management Order. The Court, however, will not move the trial date in this case. The Court orders the parties

to meet and confer and provide to the Court a proposed joint scheduling plan that accomplishes all of these ends no later than Friday, March 6, 2015.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Partially Unopposed Motion for Partial Reconsideration of February 2, 2015 Order and For an Extension of Time to Comply with Order (ECF No. 116) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that the parties shall provide a joint proposed amended case management order no later than **March 6, 2015**.

Dated this 3rd day of March, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE