UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRED E. LUTZEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV183 RLW |
| | ) | |
| CITIGROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Clarification of the Court's March 2, 2015 Memorandum and Order (ECF No. 131) and Partial Motion to Dismiss the First Amended Complaint and Motion to Strike (ECF No. 46)[1] as to Defendant Steve Champney with respect to claims under the Sarbanes-Oxley Act. Both sides cite to non-controlling case law in support of their positions regarding whether a plaintiff must name each defendant as a respondent in a complaint to the Department of Labor to properly exhaust his administrative remedies prior to filing a Sarbanes-Oxley action in federal court.

On July 24, 2014, Lutzeier filed a Sarbanes-Oxley retaliation claim with OSHA. Under Sarbanes-Oxley,

> A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by—
> (A) filing a complaint with the Secretary of Labor; or
> (B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

---

[1]This Court previously ruled on this Motion but omitted the discussion regarding Defendant Champney as to the Sarbanes-Oxley claim. *See* ECF No. 131.

1

18 U.S.C. § 1514A(b)(1); *Genberg v. Porter*, 935 F. Supp. 2d 1094, 1103 (D. Colo. 2013) (dismissing claims under F3d.R.Civ.P. 12(b)(1) for failure to exhaust administrative remedies). Defendants contend that a plaintiff must name an individual in his OSHA complaint to exhaust his administrative remedies against the individual. *See* ECF No. 27 at 9-10 (citing *Genberg*, 935 F. Supp. 2d at 1104; *Bridges v. McDonald's Corp.*, No. 09-CV-1880, 2009 WL 5126962, at *3 (N.D. Ill. Dec. 21, 2009)("While the regulations implementing SOX may provide for individual liability, Bridges still is obligated to exhaust her administrative remedies for each claim that she seeks to assert against each defendant."); *Thanedar v. Time Warner, Inc.*, No. CIV.A. H-06-2139, 2008 WL 8886544, at *14 (S.D. Tex. Oct. 7, 2008)("A party who is not named in an administrative charge may not later be sued in federal court."). Defendant claims that merely naming Champney in the letter was not sufficient, but that he had to be either named as a respondent in the heading of the OSHA complaint or otherwise specifically identified as a party against whom the complaints is brought. (ECF No. 27 at 10-11)(citing *Smith v. Corning Inc.*, No. 06-CV-6516 CJS, 2007 WL 2120375, at *2 (W.D.N.Y. July 23, 2007)("it is not sufficient to merely mention an individual in the body of the administrative complaint"); *Bozeman v. Per-Se Technologies, Inc.*, 456 F. Supp. 2d 1282, 1358 (N.D. Ga. 2006)("merely mentioning the individual defendant in the body of the administrative complaint as an actor, rather than naming him in the heading of the administrative complaint, is insufficient, and failed to afford OSHA the opportunity to resolve the plaintiff's allegations through the administrative process")(citing *Hanna v. WCI Communities, Inc.*, No. 04-80595-CIV, 2004 WL 6072492, at *1 (S.D. Fla. Nov. 29, 2004)); *cf. Jones v. Southpeak Interactive Corp.*, No. 3:12CV443, 2013 WL 1155566, at *4 (E.D. Va. Mar. 19, 2013)("in her filing with OSHA, [plaintiff] specifically identified the individual defendants under the heading: persons 'who the complaint is being filed against'").

In response, Lutzeier contends that Champney should not be dismissed. Lutzeier notes that there is no particular form required when filling a complaint with OSHA for purposes of the Sarbanes Oxley Act. (ECF No. 34 at 11 (citing *Morrison v. MacDermid, Inc.*, No. CIV.A 07-CV-01535-WY, 2008 WL 4293655, at *3 (D. Colo. Sept. 16, 2008)). Lutzeier maintains that the question is simply whether Plaintiff's complaint "afforded OSHA the opportunity to perform an adequate investigation as to [Defendant Champney's] role in Plaintiff's termination]." (ECF No. 34 at 11 (citing *Morrison*, 2008 WL 4293655, at *3). Lutzeier states "[g]iven that no form is required for purposes of submitting a complaint to OSHA, that the complaint tendered by Plaintiff to OSHA in the within case was an 11 page letter signed by Plaintiff, that the letter detailed Defendant Champney's involvement and role in Plaintiff's termination, and the letter mentions Defendant Champney no less than 25 times, this Court can and should find that Plaintiff's complaint afforded OSHA the opportunity to perform an adequate investigation as to Defendant Champney's role in Plaintiff's termination for purposes of the exhaustion requirement." (ECF No. 34 at 11). Citing the Title VII case law, Lutzeier further contends that administrative charges should be construed liberally. (ECF No. 34 at 12).

The Court finds that Lutzeier failed to exhaust his claims against Champney because he was not named as a respondent in Lutzeier's OSHA complaint. It is undisputed that the Sarbanes-Oxley Act requires a plaintiff to exhaust his administrative remedies before commencing an action in federal court. *See,* 18 U.S.C. § 1514A(b). The Court does not believe that it is sufficient for Champney to be named in the body of the administrative company (although, admittedly rather extensively). *Smith,* 2007 WL 2120375, at *2; *Bozeman,* 456 F.Supp.2d at 1357. Rather, the administrative regulations require that a defendant be listed as a "named" respondent who is alleged to have violated the Act. *See* 29 C.R.F. 1980.101(5)("*Respondent* means the person named in the complaint who is alleged to have violated the Act."); 29 C.R.F.

3

1980.104(a)("Upon receipt of a complaint in the investigating office, the Assistant Secretary will notify the respondent of the filing of the complaint by providing a copy of the complaint[.]"). While Champney is named as an actor in Lutzeier's complaint, there is no indication that Lutzeier is bringing his action against Champney as a respondent. Rather, Lutzeier clearly names his "former employer, CITIGROUP MANAGEMENT CORP. and its parent, subsidiary and affiliated companies" as the respondent. (ECF No. 27-1 at 2). In his conclusion, Lutzeier alleges that "Citigroup discharged me from my employment" and that "Citigroup's failure and refusal to hire me for the multiple positions for which I have applied since my February 25, 2013 termination for which I am qualified is further indicia of Citigroup's retaliation against me[.]" (ECF No. 27-1 at 12). There is no indication that "OSHA [had] the opportunity to resolve ... plaintiff's allegations [against Champney] through the administrative process." *Bridges*, 2009 WL 5126962, at *3. Because Champney was not named as a respondent in the heading of the OSHA complaint nor otherwise specifically identified as a party against whom the complaints is brought, the Sarbanes-Oxley claim against Champney is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Defendants' Motion for Clarification of the Court's March 2, 2015 Memorandum and Order (ECF No. 131) and Partial Motion to Dismiss the First Amended Complaint and Motion to Strike (ECF No. 46) are **GRANTED**.

Dated this 9th day of March, 2015.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE