IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED E. LUTZEIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14-cv-00183-RLW ) ) |
| CITIGROUP INC., et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter and/or Amend Order of March 2, 2015 to Certify Question for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). (ECF No. 134). This matter is fully briefed and ready for disposition.

**Background**

The factual background of this case is set out in the Court's Order of March 2, 2015. (ECF No. 121). Plaintiff alleges he was a whistleblower who was terminated by Defendants in violation of the Sarbanes-Oxley Act (SOX) and the Dodd-Frank Act, as well as claims for violation for the Missouri public policy exception to wrongful discharge, and for age discrimination in violation of the Missouri Human Rights Act. On March 2, 2015, the Court granted Defendants' Motion to Dismiss. (ECF No. 121). The Court applied the reasoning of the Fifth Circuit and held that, under the plain language of the Dodd-Frank Act, an employee must make a report to the SEC to qualify for anti-retaliation whistleblower protection. Plaintiff now seeks to certify for interlocutory appeal the question of whether Plaintiff acted as a "whistleblower" as that term is used in 15 U.S.C. §78u-6(h)(1)(A)(iii).

**Legal standard**

The general purpose of 28 U.S.C. § 1292(b) is "to provide interlocutory appeal in exceptional cases in order to avoid protracted and expensive litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979); *White v. Nix*, 43 F.3d 374, 376 (8th Cir.1994). The burden is on the movant "to demonstrate that the case is an exceptional one in which immediate appeal is warranted." *E.E.O.C. v. Allstate Ins. Co.*, 2007 WL 38675, at *2 (E.D.Mo. Jan. 4, 2007) (quoting *White*, 43 F.3d at 376). To satisfy § 1292(b) requirements, a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate termination of the litigation." *Paschall*, 605 F.2d at 406. The Eighth Circuit has emphasized that "it is the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." *E.E.O.C.*, 2007 WL 38675, at *2 (quoting *White*, 43 F.3d at 376). *See also Control Data Corp. v. International Business Machines Corp.*, 421 F .2d 323, 325 (8th Cir.1970). It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. *Id.* Furthermore, the application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

**Discussion**

First, the parties agree that there is substantial ground for difference of opinion regarding what constitutes a whistleblower under the Dodd-Frank Act. Plaintiff notes that district courts are divided as to whether a whistleblower under Dodd-Frank Act must report to the SEC. (ECF No. 135 at 4-9); *see Bussing v. Cor Clearing, LLC*, No. 8:12-CV-238, 2014 WL 3548278, at *2

(D. Neb. July 17, 2014)(noting that the "issue at hand [regarding what constitutes a whistleblower under the Dodd-Frank Act] has not been addressed by the Eighth Circuit, and it has prompted conflicting rulings from federal courts across the country"). The parties only dispute whether a controlling question of law exists or whether immediate appeal will materially advance the litigation. *See Bussing v. Cor Clearing, LLC*, No. 8:12-CV-238, 2014 WL 3548278, at *1 (D. Neb. July 17, 2014) (quoting *Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir.1991)("there is substantial overlap between the first and third criteria: 'a question is controlling, even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.'")). The Court addresses the first and third criteria together.

Plaintiff argues that an immediate appeal of whether he qualified as a whistleblower under the Dodd-Frank Act "will materially advance the ultimate termination of the ... litigation, help save significant time and expense for the parties, help clarify the damages potentially available to Plaintiff, and help facilitate settlement discussions between the parties." (ECF No. 135 at 9-10). Plaintiff further contends that "[s]ignficant time may ... be saved by certifying this core question now to the Eighth Circuit, rather than seeking to raise it on appeal following a trial on the merits of the remaining counts." (ECF No. 135 at 10).

In response, the Defendant argues that the issue of whether Plaintiff is a whistleblower under the Dodd-Frank Act is not a controlling question of law because the elements to prove his Dodd-Frank claim are "no different than those necessary to prove his SOX claim". (ECF No. 145 at 5). Rather, the Dodd-Frank claim only affects Plaintiff's damages in that the Dodd-Frank Act allows for double back pay. (ECF No. 145 at 5, 8). Defendants contend that dismissal of Plaintiff's Dodd-Frank claims does not affect any of his other actions for which the definition of

"whistleblower" is irrelevant. (ECF No. 145 at 5). In particular, Defendant contends that Plaintiff's state-law wrongful discharge claim also relies on the SOX claim as a source of public policy, and that his SOX claim is the sole basis for his dismissed Dodd-Frank claim. (ECF No. 145 at 5-6 (citing First Amended Complaint, ¶¶90-91) (Plaintiff's Dodd-Frank claim was premised on Plaintiff's allegation that he engaged in activity "protected by the Sarbanes Oxley Act")). Therefore, Defendants maintain that this case is different than the *Bussing* case, where the United States District Court of Nebraska certified for interlocutory appeal the question relating to the definition of whistleblower under the Dodd-Frank Act, because that district court concluded that federal subject matter jurisdiction could turn on the Dodd-Frank claim. (ECF No. 145 at 6)(citing *Bussing v. Cor Clearing, LLC*, No. 8:12-CV-238, 2014 WL 3548278, at *2)). Defendants also argue that discovery and trial will proceed in the same way, regardless of whether Plaintiff has a claim under the Dodd-Frank Act because the same factual issues underlie both his dismissed Dodd-Frank claim and his SOX claim. (ECF No. 145 at 8).

The Court finds that Plaintiff has not demonstrated that a controlling question of law exists or that immediate appeal will materially advance the ultimate termination of the litigation. First, the Court notes that Plaintiff's Dodd-Frank claim is virtually coextensive with his SOX claim and that his state law claim is also premised on his SOX claim. Plaintiff has not identified any additional or unique area of discovery that would need to be pursued if the Dodd-Frank claim were reinstated. Further, the Court does not believe that an interlocutory appeal would be fruitful. The Eighth Circuit has previously denied a petition for permission to file an interlocutory appeal on this same issue. *See Bussing v. Cor Secs. Holdings*, No. 14-8015 (8th Cir. Sept. 4, 2015).[1] Finally, the Court finds that there is nothing unique about the posture of this

---

[1] Plaintiff argues that the Eighth Circuit's refusal to grant an interlocutory appeal in Bussing is

4

case that is not present in most other cases. The Court's ruling may be overturned on appeal, but this is true of most rulings on a dispositive motion. *See* ECF No. 151 at 5 ("this question is outcome determinative because if decided wrongly, it will require a reversal on appeal"). For these reasons, the Court denies Plaintiff's Motion to Alter and/or Amend Order of March 2, 2015 to Certify Question for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter and/or Amend Order of March 2, 2015 to Certify Question for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). (ECF No. 134) is **DENIED**.

Dated this 21st day of April, 2015.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

"neither instructive on how this Court should rule upon Plaintiff's Motion nor on how the Eighth Circuit may exercise its discretion under 1292(b)" because in *Bussing* the district court denied the motion to dismiss the Dodd-Frank claim and, therefore, the *Bussing* plaintiff's Dodd-Frank claim "will see the light of a courtroom and be allowed to pay through to conclusion and [be] appealed in an ordinary fashion." (ECF No. 151 at 8, n.3). Plaintiff's speculation as to why the Eighth Circuit denied interlocutory appeal fails to convince this Court that the Eighth Circuit would not again reject deciding this issue on a piecemeal basis.