UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED LUTZEIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV183 RLW |
| | ) |
| CITIGROUP INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANUM AND ORDER

This matter is before the Court on Plaintiff's Amended Motion to Quash and/or Modify Subpoenas Duces Tecum and/or Motion for a Protective Order ("Motion"; ECF No. 114).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 provides "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003)(citing Fed.R.Civ.P. 26(b)(1)); *see also* Fed.R.Civ.P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena).

## DISCUSSION

Plaintiff seeks a protective order and moves to quash subpoenas issued by Defendants to various non-party entities. The subpoenas seek Plaintiff's employment records from his former

1

employers, American Express ("AMEX"), CBIZ Risk & CFO Advisory Services ("CBIZ"), and Mueller Prost, PC ("Mueller Prost"). Defendants seek documents from Plaintiff's former employers relating to: (1) Plaintiff's employment records, including his personnel files, applications for employment, and other materials pertaining to employment; (2) documents relating to disciplinary actions; (3) performance evaluations; and (4) documents relating to Plaintiff's income.

Plaintiff contends that the documents requested in the subpoenas are irrelevant and overbroad. Plaintiff maintains that the subpoenas constitute fishing expeditions that are irrelevant to Plaintiff's claims or Defendants' defenses, particularly because Plaintiff was employed by these third parties prior to his employment with Defendant Citigroup Management Corporation ("CMC"). (ECF No. 115 at 11). Plaintiff notes that Defendants have not pleaded any after-acquired evidence defense and they admitted in their answer that Plaintiff's employment was "eliminated for business reasons." (ECF No. 115 at 10). Plaintiff also contends that Missouri privacy law applies to this action because this case is based upon diversity jurisdiction. (ECF No. 137 at 9). Plaintiff states he has a right of privacy in his personnel records under Missouri law. (ECF No. 137 at 2 (citing *State ex rel. Delmar Gardens N. Operating, LLC v. Gaertner*, 239 S.W.3d 608, 611 (Mo. 2007)("Missouri recognizes a right of privacy in personnel records that should not be lightly disregarded or dismissed.")). Plaintiff argues that Missouri's physician patient privilege applies to any medical records that may be in Plaintiff's former employer's employment files. Plaintiff notes that, under Missouri law, garden variety emotional distress claims can be supported by Plaintiff's testimony, do not require expert testimony, and do not waive the physician patient privilege. (ECF No. 137 at 9-10). Finally, Plaintiff asserts that Defendants have offered very little justification for Plaintiff's credibility being at issue in this case. (ECF No. 137 at 6).

In response, Defendants contend that the information requested from Plaintiff's former employers is relevant for several reasons. First, Plaintiff claims in his damages calculation that if he would have remained employed by CMC for ten years then he would have received two promotions and increased his compensation almost 400% from when he started. Defendants claim that they are entitled to test the credibility of this theory through discovery of his former employment. (ECF No. 122 at 2). Second, Defendants contend that Plaintiff has put his past work performance at issue by asserting damages to his reputation. Defendants claim that they should be able to discover what issues, if any Plaintiff had at his employment prior to CMC that could have affected his reputation. (ECF No. 122 at 2). Third, Defendants maintain Plaintiff's claim for emotional distress damages also put his employment records at issue because they may contain information related to Plaintiff's emotional state. (ECF No. 122 at 2). Finally, Defendants state that they should be able to search Plaintiff's employment records for information related to his credibility, particularly because Plaintiff failed to acknowledge that he was previously employed by Mueller Prost on his application for employment with CMC.

Defendants also claims that they may have a basis to assert an after-acquired evidence defense premised on Plaintiff's failure to disclose his employment with Mueller Prost on his application for employment with CMC and "other possible misrepresentations." (ECF No. 122 at 12). Defendants also argue that federal law regarding privilege applies to this case, and federal law recognizes no "medical information" privilege, but only a narrow psychotherapist-patient privilege, which Plaintiff waived by seeking damages for emotional distress. (ECF No. 122 at 12-13 (citing *E.E.O.C. v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1141 (E.D. Mo. 1997)). Defendants further argue that the psychotherapist-patient privilege can be waived by disclosure to

3

third-parties, which would have occurred if such documents are included in Plaintiff's employment file. (ECF No. 122 at 13).

As an initial matter, the Court finds that Plaintiff has not demonstrated that he is protected by any federal privilege to withhold production of his former employer's documents. *See Danka Indus., Inc.*, 990 F. Supp. at 1141 ("absent a claim of privilege by the movants or objection by the entities to whom the subpoenas are directed, the Court will not foreclose the defendant's acquisition of the documents"). Plaintiff alleges in his First Amended Complaint ("FAC") that this Court has jurisdiction pursuant to 15 U.S.C. §78-u6(h)(1)(B) and pursuant to 28 U.S.C. §1331 in that this action arises under the laws of the United States. (FAC, ECF No. 38, ¶13). Therefore, federal law applies, and the Court is not required to recognize state law privileges. *Evantigroup, LLC v. Mangia Mobile, LLC*, No. 4:11-CV-1328 CEJ, 2013 WL 141605, at *1 (E.D. Mo. Jan. 11, 2013)("in a fundamentally federal proceeding, the court may not recognize a state-created privilege"). In any event, it seems that medical information related to Plaintiff's mental health, which is in Plaintiff's former employer's file, is relevant and discoverable to his allegation of lost income and to his emotional distress claim. "Medical materials regarding [Plaintiff's] mental health 'may become relevant to establish ... that there were causes other than [his] termination that caused [his] emotional distress.'" *Lewis v. Temp-Air, Inc.*, No. 4:14-CV-398 CDP, 2014 WL 5432122, at *2 (E.D. Mo. Oct. 27, 2014)(quoting *Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 WL 6029956, at * 2 (E.D.Mo. Dec. 5, 2011)); *see also Danka Indus., Inc.*, 990 F. Supp. at 1141 ("medical records are discoverable to determine whether the plaintiff-intervenors' past medical history contributed to their claimed emotional distress"). Likewise, there could be medical information in his past employer's file which would shed light on Plaintiff's ability to work. In the event Plaintiff's medical information is in the custody of his former employers, Plaintiff also likely waived any applicable privileges because these medical documents necessarily had been

4

shared with a third party (the employer). *United States v. Bolander*, 722 F.3d 199, 223 (4th Cir. 2013) (citing *United States v. Hayes,* 227 F.3d 578, 586 (6th Cir. 2000)("A patient may waive the psychotherapist-patient privilege by knowingly and voluntarily relinquishing it."). Finally, although the Court is cognizant that subpoenas to a plaintiff's employers often can be fishing expeditions or harassing, the Court believes that Plaintiff has put his credibility at issue in this case and that Defendants are justified for seeking such information, particularly because Plaintiff failed to disclose his former employment with Mueller Prost.

The Court holds that the Plaintiff's former employment is relevant to his damages claim, given that he alleged he would have had a 400% increase in compensation had he stayed at CMC and alleged reputational damages. *See Wolfe v. Gallagher Bassett Servs. Inc.*, No. 4:11CV01610 ERW, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012)("Plaintiff's full employment records are likely to lead to the discovery of admissible evidence regarding Plaintiff's credibility and Defendant's defenses."). Defendants should be able to explore whether Plaintiff had any issues at his prior employment that would have impacted this earnings trajectory and his reputation. *See Barsamian v. City of Kingsburg*, No. 1:07-CV-00316OWW GSA, 2008 WL 2168996, at *3 (E.D. Cal. May 22, 2008)("As Plaintiff has alleged loss of past and future earnings, documents relating to her employment history are relevant and discoverable under *Fed.R.Civ.P. 26(b).*"). Nevertheless, the Court believes that Defendants' request for all employment records is overbroad. *See* Document Request No. 1, ECF No. 122-4. The Court finds that Defendants are entitled to review Plaintiff's application for employment, any disciplinary documents or documents related to Plaintiff's termination of employment, performance evaluations, and documents reflecting Plaintiff's level(s) of compensation. In addition, Defendants can review any medical information in Plaintiff's employment file, excluding any medical information in the files of Plaintiff's former

employers that is unrelated to either Plaintiff's mental health or other conditions that might inhibit his ability to work.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Amended Motion to Quash and/or Modify Subpoenas Duces Tecum and/or Motion for a Protective Order (ECF No. 114) is **DENIED**, in part, and **GRANTED**, in part. The subpoenas are quashed except that Defendants are entitled to documents in Plaintiff's employment records related to Plaintiff's application for employment, any disciplinary documents or documents related to Plaintiff's termination of employment, performance evaluations, and documents reflecting Plaintiff's level(s) of compensation. In addition, Defendants can review any medical information in Plaintiff's employment file, excluding any medical information in the files of Plaintiff's former employers that is unrelated to either Plaintiff's mental health or other conditions that might inhibit his ability to work.

Dated this 22nd day of April, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] This limitation was previously agreed to by Defendants. *See* ECF No. 115 at 4.