UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED LUTZEIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14CV183 RLW |
| CITIGROUP INC., et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Additional Time for Deposition of Defendant Steve Champney ("Motion"; ECF No. 158). This matter is fully briefed and ready for disposition.

## **DISCUSSION**

In the Motion, Plaintiff seeks additional time to complete the deposition of Steve Champney pursuant to Rule 30(d)(1). *See* Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."). On August 20, 2015, Plaintiff's counsel deposed Mr. Champney for seven hours, the maximum time allowed under the Fed. R. Civ. P. 30(d)(1). Plaintiff claims that he did not complete the examination of Mr. Champney due to the volume of factual information that Plaintiff needed to cover with Mr. Champney. Plaintiff notes that, through Mr. Champney's deposition, Defendants produced 665,995 documents in response to discovery requests. At 6:49 P.M., on August 19, 2015, Defendants produced twenty-three (23) pages of additional discovery material responsive to Plaintiff's requests. Further, Defendants produced an additional 58 pages of discovery

1

documents on August 26, 2015. During the deposition, Plaintiff's counsel was only able to reference 57 of the 101 deposition exhibits designated for Mr. Champney's deposition. Plaintiff also notes that defense counsel objected 197 times during Mr. Champney's deposition. Plaintiff contends that Mr. Champney, as Plaintiff's former direct supervisor, is a primary fact witness who has extensive information regarding Plaintiff's hiring, Plaintiff's complaints regarding the LOIS/COSMOS audit, Plaintiff's termination pursuant to the reduction in force, and communications with Sanjiv Das (former CEO of Defendant CitiMortgage, Inc.) and Citi's internal audit leadership team regarding Plaintiff. Plaintiff's counsel claims she asked for additional time at the close of the deposition, but was only granted an additional hour on the condition that the additional time would close the deposition; Plaintiff's counsel declined this arrangement.

In their Response, Defendants maintain that Plaintiff was unable to complete the deposition of Mr. Champney because Plaintiff "squandered his time during the 7 hours of record time available, asking repetitive questions about marginal issues, and failing to address the heart of the case even after 7 hours of examination; where the witness gave succinct and responsive answers …; and where defense counsel made appropriate, concise form objections resulting in virtually no lawyer colloquy." (ECF No. 166 at 2). Defendants further contend that, given that Plaintiff had designated 101 exhibits for Mr. Champney's deposition, Plaintiff should have realized that Mr. Champney's deposition would not be completed within seven (7) hours. Defendants argue that Plaintiff should have requested additional time prior to the start of the deposition of Mr. Champney, a Florida resident, so that accommodations could be made and he would only have to travel once. Further, Defendants state that they have produced 130,558 documents, not 665,995 documents. (ECF No. 166 at 4). Defendants further indicate that their document productions on August 19 and 25, 2015, do not provide an appropriate basis to grant

Plaintiff's request to reopen Mr. Champney's deposition for an additional 7 hours. Defendants state that the documents provided to Plaintiff on those dates were mostly duplicative of documents previously produced (and one of which was a cover of a folder) and bear little relationship to the central allegations of this case and Plaintiff has not tied his Motion to topics unearthed by these documents. Defendants ask this Court to limit any additional deposition of Mr. Champney to three (3) hours and to the documents produced on August 19 and 25, 2015, and that this Court order Plaintiff to pay Defendants' attorneys' fees and costs incurred in attending a second deposition of Mr. Champney. (ECF No. 166 at 11).

Given the number of documents and exhibits relevant to his testimony and the late document production by Defendants, the Court holds that additional time is necessary to fairly depose Mr. Champney. The Court will afford Plaintiff seven (7) additional hours, although the Court does not believe that entire time may be necessary, particularly given that Plaintiff's counsel requested only an additional three (3) hours at the close of the August 20, 2015 deposition. The Court further cautions that, should Plaintiff abuse the time allotted to him, the Court will not hesitate to issue sanctions. *See Doe v. City of Creve Coeur, Mo.*, No. 4:07CV00946 ERW, 2009 WL 500850, at *1 (E.D. Mo. Feb. 27, 2009). Likewise, the Court will not award Defendants any costs or attorneys' fees at this time, unless Defendants can later show some abuse of the deposition process.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Additional Time for Deposition of Defendant Steve Champney ("Motion"; ECF No. 158) is **GRANTED**.

Dated this 22nd day of September, 2015.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE