UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED LUTZEIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV183 RLW |
| | ) |
| CITIGROUP INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of March 2, 2015 Order (ECF Nos. 160, 172) and Plaintiff's Motion to Compel Documents Withheld Under Bank Examiner's Privilege (ECF No. 174). These matters are fully briefed and ready for disposition.

### DISCUSSION[1]

**I. Motion for Reconsideration of March 2, 2015 Order**

A. Standard of Review for a Motion for Reconsideration

Under Federal Rule of Civil Procedure 54(b), a court may reconsider any order not certified for appeal when the order in question did not resolve all the claims of all the parties in the action. Rule 54(b) provides as follows:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time

---

[1] The Court previously provided a factual background of this case in its March 2, 2015 Order, as well as in orders regarding various motions to compel, and does not repeat that background here.

1

before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). Motions to reconsider are governed by Rule 54(b) when such motions are filed after an interlocutory order and before the entry of a "final judgment." *Wells' Dairy, Inc. v. Travelers Indem. Co. of Illinois*, 336 F. Supp. 2d 906, 908-09 (N.D. Iowa 2004) (citing *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102, 103 (M.D. Pa. 1989)). "District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order." *Wells' Dairy, Inc.*, 336 F. Supp. 2d at 909.

As noted by another district court, the standard for reconsideration under Rule 54(b) is not entirely clear:

> Some courts have expressed the lenient standard urged by Plaintiffs. *See, e.g., United States v. Renda,* 709 F.3d 472, 479 (5th Cir. 2013) ("Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient."). But in this Circuit and District the standard is stricter, such that a Rule 54(b) motion for reconsideration "may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *See Evans v. Contract Callers, Inc.*, No. 4:10CV02358 FRB, 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) (citation omitted); *see also Chism v. W.R. Grace & Co.*, 158 F.3d 988, 992 n. 4 (8th Cir. 1998); *Evans v. Contract Callers, Inc.*, No. 4:10CV2358 FRB, 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) ("Although the Court has the power [under Rule 54(b) ] to revisit prior decisions of its own ... [it] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.").

*In re K-V Pharm. Co. Sec. Litig.*, No. 4:11CV01816 AGF, 2014 WL 2559137, at *3 (E.D. Mo. June 6, 2014) *aff'd sub nom. Julianello v. K-V Pharm. Co.*, 791 F.3d 915 (8th Cir. 2015).

### B. Whistleblower under Dodd-Frank

Plaintiff asks this Court to revisit whether he is a whistleblower claim under 15 U.S.C. § 78u–6(h), a provision of the Dodd–Frank Act ("Dodd-Frank") that protects employees from retaliation for certain whistleblowing activities and disclosures. After review of the parties'

briefing, the Court agrees with the reasoning of *Berman v. Neo@Ogilvy LLC*, 801 F.3d 145 (2d Cir. 2015). Therein, the Second Circuit discerned that an ambiguity in the definition of "whistleblower" resulted when conferees "hastily" tried to "reconcile House and Senate bills, each of which number hundreds of pages," and someone succeeded "in inserting a new provision like subdivision (iii) into subsection 21F(h)(1)(A)." *Berman*, 801 F.3d at 154. Consequently, the Second Circuit found that Dodd-Frank was ambiguous as to who was intended to be a whistleblower under subdivision (iii):

> When the conferees, at the last minute, inserted subdivision (iii) within subsection 21F(h)(1)(A), did they expect subdivision (iii) to be limited by the statutory definition of "whistleblower" in subsection 21F(a)(6), or did they expect employees to be protected by subdivision (iii) whenever they report violations internally, without reporting to the Commission? The texts leave the matter unclear, and no legislative history even hints at an answer.

*Berman*, 801 F.3d at 155. Therefore, the Second Circuit gave *Chevron*[2] deference to the SEC's interpretation of the statute. *Id.* ("Under SEC Rule 21F–2(b)(1), Berman is entitled to pursue Dodd–Frank remedies for alleged retaliation after his report of wrongdoing to his employer, despite not having reported to the Commission before his termination."); *see also Khazin v. TD Ameritrade Holding Corp.*, No. CIV.A. 13-4149 SDW, 2014 WL 940703, at *5 (D.N.J. Mar. 11, 2014)(noting that "most district courts addressing this issue have concluded that the Dodd–Frank Act's whistleblower provision is ambiguous on its face and they have relied on the SEC's final rule for guidance").

Based upon the SEC's new interpretive rule and the decision of *Berman v. Neo@Ogilvy LLC*, the Court finds that Dodd-Frank is ambiguous and the Court affords deference to SEC Rule

---

[2] *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844, 104 S. Ct. 2778, 2782, 81 L. Ed. 2d 694 (1984) ("considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer").

21F–2(b)(1). Under SEC Rule 21F–2(b)(1), an individual need not report to the Agency to qualify as a whistleblower. Therefore, the Court holds that Lutzeier can pursue Dodd-Frank remedies for alleged retaliation after his report of wrongdoing to his employer, despite not having reported to the Commission.

## II. Motion to Compel Bank Examiner's Privilege

At issue in Plaintiff's motion to compel is whether Defendants Citigroup Inc., Citigroup Management Corp., and CitiMortgage, Inc. ("CMI") (collectively, "Citi Defendants") should be required to produce documents withheld under the bank examiner's privilege as indicated on Citi Defendants' privilege log.

> The bank examination privilege is "designed to promote the effective functioning of an agency by allowing the agency and the regulated banks the opportunity to be forthright in all communications." *In re Bankers Trust Co.,* 61 F.3d 465, 471 (6th Cir.1995). Only the agency itself can assert the bank examination privilege. *In re Bank One Secs. Litig., First Chicago Shareholder Claims,* 209 F.R.D. 418, 426 (N.D.Ill.2002) [hereinafter *In re Bank One*]. The privilege extends only as far as agency opinions and recommendations, and therefore any materials pertaining to "purely factual matters" fall outside the scope of the privilege and must be produced. *Id.* Bank responses to agency opinions and recommendations also may fall within the scope of the privilege. *In re Bankers Trust Co.,* 61 F.3d at 471. In addition, banks have a duty of confidentiality as to bank-created documents submitted to the OCC. *See* 12 C.F.R. § 4.37(b).

> The bank examination privilege is not an absolute privilege and may be overridden where necessary to promote "the paramount interest of the Government in having justice done between litigants." *In re Subpoena upon the Comptroller of the Currency,* 967 F.2d 630, 634 (D.C.Cir.1992). Although the regulatory agency has the burden of proving that the requested documents are protected, the party seeking to override the asserted privilege and to gain access to deliberative materials must demonstrate good cause for disclosure. *In re Bank One,* 209 F.R.D. at 427. The court then must balance the competing interests of the party seeking the document against those of the government, considering:
>
>> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

4

*Schreiber v. Soc'y for Sav. Bancorp, Inc.,* 11 F.3d 217, 220–21 (D.C. Cir. 1993).

*In re Bank One Sec. Litig.*, 222 F.R.D. 582, 590 (N.D. Ill. 2004).

Plaintiff argues that "there is no blanket requirement for a plaintiff to petition the relevant agencies—in this case, the FRB, FDIC, OCC, and CFPB—before serving discovery requests upon a private defendant under Rule 34." (ECF No. 195 at 3) (referencing *In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir. 1995) (holding that the court should not require compliance with the Board's regulations, particularly when they are in conflict with the Federal Rules of Civil Procedure).

The Code of Federal Regulations addresses the release of agency information such as those requested in the subpoenas. *See* 12 C.F.R. § 261.22, 309.6(b)(6), 4.32-4.34, 1070.40-1070.48. The regulations define such information as confidential and non-public, even if in the lawful possession of another individual or entity. *See, e.g.,* 12 C.F.R. § 4.32(b)(i) and (iii). Plaintiff is required to request non-public agency documents through the administrative procedures set forth in the regulations. The Court, therefore, finds that "[a] determination of discoverability is premature pending a determination by the [relevant agencies] whether they will release the information through the established administrative process." *Raffa v. Wachovia Corp*, 242 F. Supp. 2d 1223, 1225 (M.D. Fla. 2002). The Court will give the appropriate federal agencies the opportunity to assert the bank examiner's privilege and to defend that assertion. The Court denies Plaintiff's motion without prejudice. Plaintiff may bring this before the Court, if necessary, once he has petitioned for a waiver of the prohibition against disclosure of bank examination material. The Court further orders Citi Defendants to reexamine their withheld documents to ensure that no documents, or portions thereof, are factual in nature.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of March 2, 2015 Order (ECF Nos. 160, 172) is **GRANTED**. The Court's March 2, 2015 dismissing Plaintiff's First Cause of Action for Violation of 15 U.S.C. §78u-6(h)(1)(A) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Documents Withheld Under Bank Examiner's Privilege (ECF No. 174) is **DENIED** without prejudice. Plaintiff shall request the information through the administrative procedures set forth in the regulations within twenty (20) days of the date of this order.

**IT IS FINALLY ORDERED** that the parties shall submit a proposed amended joint scheduling plan to govern any additional discovery required by the Court's rulings within ten (10) days, if necessary.

Dated this 19th day of November, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE